**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JODY M. JOHNSON,**

    **Petitioner,**

v.                                  Case No. 4:23cv098-MW/MAF

**RICKY DIXON, Secretary,
Department of Corrections,**

    **Respondent.**
_____/

## REPORT AND RECOMMENDATION

On March 6, 2023, Petitioner Jody M. Johnson, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the execution of his sentence. ECF No. 1. On June 2, 2023, Respondent filed a response, with exhibits. ECF No. 10. Petitioner filed a reply on June 28, 2023. ECF No. 11.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be

dismissed. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Jody M. Johnson challenges the execution of his sentence by the Florida Department of Corrections (DOC). ECF No. 1. In particular, he asserts he should be released "pursuant to the Third Judicial Circuit Court in and for Suwannee County Florida's order granting Petitioner's immediate release based on an expired sentence." ECF No. 1 at 3; *see id*. at 7-8, 15 (Exhibit B to petition: Order Granting Motions to Hear and Rule and Motion to take Judicial Notice for Disposition, and Denying Motion for Rehearing/Clarification, entered August 22, 2022).

On August 16, 2007, in case number 2006-CF-416, a Circuit Judge of the Third Judicial Circuit in and for Suwannee County sentenced Johnson to 35 years in prison, followed by lifetime probation, and designation as a sexual predator, after a jury convicted him of lewd or lascivious molestation of a child under the age of 12, contrary to section 800.04(5), Florida Statutes. Ex. C (judgment and sentence); *see* Exs. A (amended information), B (jury verdict).[1] On October 30, 2009, the First District Court of Appeal affirmed

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with

Johnson's conviction and sentence, per curiam, without a written opinion. Ex. D; Johnson v. State, 23 So. 3d 715 (Fla. 1st DCA 2009). The mandate issued December 30, 2009. Ex. D. Additional state court procedural history is provided in the Analysis section, *infra*.

As indicated above, on March 6, 2023, Johnson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the execution of his sentence. ECF No. 1. Respondent filed an answer, with exhibits. ECF No. 10. Petitioner Johnson has filed a reply. ECF No. 11.

## Analysis

Petitioner Johnson is a state prisoner challenging the execution of his state sentence. Thus, his habeas petition is governed by both 28 U.S.C. § 2254 and 28 U.S.C. § 2241. *See* Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004); Medberry v. Crosby, 351 F.3d 1049, 1053-54 (11th Cir. 2003). According to information on the DOC website, his "current release date" is March 31, 2037. *See* https://fdc.myflorida.com/offenderSearch.

Pursuant to 28 U.S.C. § 2254, a federal application for writ of habeas corpus "shall not be granted unless it appears that" the applicant "has exhausted the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)(A). The statute provides that an applicant has not exhausted

---

Respondent's response, ECF No. 10.

state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). It is well settled that, absent extraordinary circumstances, a federal court will not decide the merits of § 2254 claims until the claims have been exhausted in state court. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Picard v. Conner, 404 U.S. 270, 275 (1971). *Cf*. Santiago–Lugo v. Warden, 785 F.3d 467, 474-75 (11th Cir. 2015) (holding § 2241 petitioner's failure to exhaust administrative remedies is not jurisdictional defect and explaining such exhaustion remains a requirement, "it's just not a jurisdictional one").

In general, where a state inmate challenges the calculation of the state sentence, to exhaust state remedies, the inmate must file the required administrative appeal and appeal the result of that proceeding to the Office of the Secretary of the Department of Corrections. *See, e.g.*, Hoever v. Fla. Dep't of Corr., 156 So. 3d 543, 544 (Fla. 1st DCA 2015). "[O]nce a prisoner has exhausted administrative remedies, he or she generally may seek relief in an original proceeding filed in circuit court as an extraordinary writ petition."

Case No. 4:23cv098-MW/MAF

Bush v. State, 945 So. 2d 1207, 1210 (Fla. 2006); *see* Fla. R. App. P. 9.030(c).  If the circuit court denies the petition, the inmate may then seek further review in the state district court of appeal by petition for writ of certiorari, pursuant to Florida Rule of Appellate Procedure 9.110 or 9.030.  *See, e.g.*, Sheley v. Fla. Parole Comm'n, 703 So. 2d 1202, 1204 (Fla. 1st DCA 1997).  Nothing indicates Johnson has done this.

As Respondent indicates, Johnson filed a pro se petition for writ of mandamus in the First DCA on September 23, 2019, seeking to compel the Office of the State Attorney to provide him with "the required under oath testimony" used to support the charging information and arguing he "was deprived of due process of law" because "the State's charging information was fraudulently filed, without the required under oath testimony."  Ex. E; *see* ECF No. 10 at 4.  The First DCA transferred the petition to the Suwannee County Circuit Court, which assigned it civil case number 2020-CA-168.  Ex. F.  By order on February 17, 2021, the circuit court summarily dismissed the petition without prejudice to file an amended petition within 60 days, Ex. G, and by order on April 26, 2021, the court dismissed the case with prejudice because Johnson did not file an amended petition, Ex. H.  In the meantime, on March 31, 2021, Johnson submitted for mailing a pro se amended petition for writ of mandamus, seeking the same relief.  Ex. I.  By

order on July 13, 2021, the court vacated its prior order of dismissal with prejudice, Ex. J, and by order on October 5, 2021, the court denied the amended petition, Ex. K.

On December 3, 2021, Johnson filed a pro se "Motion to Take Judicial Notice for Disposition" in the Suwannee County Circuit Court. Ex. L. He attached to this motion, as Exhibit B, a pro se "Motion for Rehearing/Clarification," regarding the order entered October 5, 2021, denying the amended petition for writ of mandamus. *See id*.

On June 6, 2022, Johnson filed a pro se "Motion for Hear and Rule" in the Suwannee County Circuit Court. Ex. M. In this motion, Johnson asked the court to rule on his "Motion to Take Judicial Notice for Disposition" and the Motion for Rehearing/Clarification he had attached to that motion as Exhibit B. Ex. M. On June 28, 2022, Johnson filed a second pro se "Motion for Hear and Rule," seeking the same relief. Ex. N.

By order on August 22, 2022, the Suwannee County Circuit Court granted Johnson's Motions to Hear and Rule and his Motion to Take Judicial Notice for Disposition, and denied his Motion for Rehearing/Clarification. Ex. O. In particular, the court ruled:

> **THIS CAUSE** came before the Court on Petitioner's *pro se* Motion to Hear and Rule, filed June 9, 2022, and July 8, 2022, respectively, *pro se* Motion to Take Judicial Notice for Disposition, filed December 6, 2021, and pro se Motion for

Rehearing/Clarification, provided to prison officials for mailing on October 18, 2021. The Motion for Rehearing/Clarification was not filed with the Clerk of Court, but was attached to the Petitioner's Motion to Take Judicial Notice for Disposition. Each Motion to Hear and Rule requests a ruling on the Motion to Take Judicial Notice for Disposition and Motion for Rehearing/Clarification. The Motion to Take Judicial Notice for Disposition requests this Court take Judicial Notice of the Motion for Rehearing/Clarification. The Motion for Rehearing/Clarification seeks rehearing/clarification of the Order Denying Petition for Writ of Mandamus.

Upon consideration of the Motion to Take Judicial Notice for Disposition, with attached, date-stamped Motion for Rehearing/Clarification, this Court concludes it is appropriate to take judicial notice of the Motion for Rehearing/Clarification. Upon consideration of the Motion for Rehearing/Clarification, the record, and the applicable law, this Court concludes there was no issue of law or fact overlooked by this Court, and rehearing/clarification is not required.

**Therefore**, it is **ORDERED** that the Petitioner's *pro se* Motions to Hear and Rule, and *pro se* Motion to Take Judicial Notice for Disposition are **GRANTED**. The Petitioner's *pro se* Motion for Rehearing/Clarification is **DENIED**.

Ex. O.

On September 13, 2022, Johnson filed in the Suwannee County Circuit Court a pro se "Motion to Enforce Court's Order." Ex. P. In this motion, Johnson asserted, among other things:

3. Although this court has issued an Order/ruling, Mandamus is still warranted to **ENFORCE** to effectuate the Petitioner's immediate release based on this Court's order which **GRANTED** Petitioner's Motion to Take Judicial Notice for Disposition.

See Exhibit "A," pursuant;

Page 3 . . . Petitioner requested this Court Third Judicial Circuit use its "inherent discretionary power of 'Habeas Corpus' Relief and vacate, and Emergency Release Petitioner from the Department of Corrections; from this illegal conviction (sic) Where Fraud is relevant and jurisdiction is void." Id.

### CONCLUSION

4. Thus, based on the unequivocal order of August 22, 2022, Granting the relief requested as argued in the pro se, Motion to Take Judicial Notice for Disposition, this Court should ENFORCE ORDER to vacate Petitioner's conviction and sentence and order immediate release. Without further delay.

   It is so pray.

Ex. P.

By order filed April 26, 2023, the Suwannee County Circuit Court denied Johnson's Motion to Enforce Court's Order. Ex. Q. In particular, the court ruled:

> In the instant motion, the Petitioner asks this Court to "enforce" the Court's Order Granting Motion to Hear and Rule, and Motion to Take Judicial Notice for Disposition and Motion for Rehearing/Clarification entered August 22, 2022. He claims the Order recognized that "Mandamus is still warranted to enforce to effectuate the Petitioner's release." *Motion at 3*. However, contrary to the Petitioner's assertions the Order did not grant the Mandamus. The Court denied the Petitioner's request for rehearing of the Court's denial of Mandamus. Accordingly, there are no provisions of the Order entered August 22, 2022, to enforce.

*Id*.

Based on the foregoing, nothing indicates the state court vacated Johnson's criminal sentence or directed his immediate release from the Department of Corrections due to an expired sentence. Johnson's habeas petition should be denied.

## Conclusion

Therefore, it is respectfully **RECOMMENDED** that Petitioner Johnson's § 2241 petition, ECF No. 1, be **DENIED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability.  The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the

parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that the § 2241 petition (ECF No. 1) be **DENIED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 27, 2023.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed.**

**R. Civ. P. 72(b)(2).** <u>**Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control**</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**